**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MICHAEL WEST,<br><br>     *Plaintiff*,<br><br>  v.<br><br>FOREMOST INSURANCE COMPANY<br>GRAND RAPIDS, MICHIGAN<br><br>     *Defendant*. | Civil Action No. 25-12818<br><br>**OPINION AND ORDER**<br><br>March 13, 2026 |

**SEMPER,** District Judge.

This matter comes before the Court upon *pro se* Plaintiff Michael West's ("Plaintiff") application to proceed *in forma pauperis*. (ECF 1-2.)

Under 28 U.S.C. § 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Having reviewed Plaintiff's application, the Court finds leave to proceed *in forma pauperis* is warranted, and the application is **GRANTED**.

However, when assessing an application to proceed *in forma pauperis*, the Court must review the pleadings and dismiss the matter if it determines that the action is frivolous, malicious, or fails to set forth a proper basis for this Court's subject matter jurisdiction. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1447(c). Because Plaintiff is proceeding *pro se*, the Court construes Plaintiff's papers liberally and holds them to a less stringent standard than the standard applied to papers filed by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court, however, need not credit a *pro se* party's "bald assertions or legal conclusions." *Grohs v. Yatauro*, 984 F.

1

Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)) (internal quotations omitted).

A district court has original jurisdiction over an action where there is diversity jurisdiction pursuant to 28 U.S.C. § 1332 or when there is a federal question jurisdiction pursuant to 28 U.S.C. § 1331. Federal question jurisdiction exists when a dispute "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Diversity jurisdiction exists when there is a dispute between citizens of different states alleging an amount in controversy in excess of $75,000. 28 U.S.C. § 1332.

Plaintiff's Complaint claims that jurisdiction "is proper under 28 U.S.C. § 1332 as the parties are citizens of different states and the amount in controversy exceeds $75,000." (ECF 1, "Compl." at 1.) However, Plaintiff's Complaint requests relief in the amount of $1,347.44, plus interest. (*Id.* at 2.) This is far below the $75,000 threshold required for diversity jurisdiction. *See* 28 U.S.C. § 1332. Accordingly, this Court does not retain subject matter jurisdiction over Plaintiff's claim on the basis of diversity jurisdiction.

Plaintiff's Complaint asserts three claims: breach of contract, bad faith, and negligence. (Compl. at 2.) These are all causes of action under state law. Because Plaintiff does not bring any claims under federal law, federal question jurisdiction cannot provide this Court with subject matter jurisdiction. Therefore, this Court cannot exercise subject matter jurisdiction over Plaintiff's claims and must dismiss the Complaint.

**IT IS** on this 12th day of March 2026,

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF 1-2) is hereby **GRANTED**; it is further

**ORDERED** that Plaintiff's Complaint (ECF 1) is **DISMISSED** with prejudice; and it is further

**ORDERED** that the Clerk of Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail; and it is finally

**ORDERED** that the Clerk of Court shall **CLOSE** this matter.

/s/ Jamel K. Semper
**HON. JAMEL K. SEMPER**
**United States District Judge**